1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   FEDERAL DEPOSIT INSURANCE              No. 2:15-cv-02507-JAM-KJN
     CORPORATION, as Receiver for
12   AMTRUST BANK,

13              Plaintiff,               **ORDER GRANTING PLAINTIFF'S**
                                         **MOTION TO STRIKE DEFENDANT'S**
14        v.                             **AFFIRMATIVE DEFENSES**

15   FIRST PRIORITY FINANCIAL,
     INC., a California
16   corporation,

17              Defendant.

18

19        This matter comes before the Court on Plaintiff Federal

20   Deposit Insurance Corporation's (FDIC) ("Plaintiff") Motion to

21   Strike Defendant First Priority Financial Inc.'s ("Defendant")

22   twelfth, twenty-sixth, and twenty-seventh affirmative defenses

23   (Doc. #12) from Defendant's answer (Doc. #5) to the complaint

24   (Doc. #1).  Defendant opposes the motion (Doc. #17).[1]  For the

25   reasons set forth below, Plaintiff's motion is GRANTED.

26   _____

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for June 14, 2016.

                                      1

1          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2          Plaintiff "is a corporation and instrumentality of the

3   United States of America, . . . and is authorized to be appointed

4   as receiver for insured depository institutions that have

5   failed."  Id. ¶ 5.  "On December 4, 2009, the Office of Thrift

6   Supervision closed AmTrust and appointed [Plaintiff] as

7   Receiver."  Id.  Plaintiff is permitted to file a lawsuit in this

8   court of law pursuant to 12 U.S.C. §§ 1819 and 1821(d)(2)(A)(i)

9   and succeeded to all of AmTrust's claims.  Plaintiff now owns the

10  subject claims and has standing to prosecute this action as

11  AmTrust's receiver.

12         Plaintiff alleges that in both 2004 and 2007, AmTrust and

13  Defendant entered into a written Master Broker Agreement which

14  "set[] forth terms and conditions, pursuant to which [Defendant]

15  would originate and submit and AmTrust would accept and fund

16  mortgage loans."  Compl. ¶¶ 7, 11.  Plaintiff alleges Defendant

17  breached the terms and conditions of the referenced Master Broker

18  Agreements, id. ¶¶ 24, 34, 43, 52, accordingly, Plaintiff filed

19  this lawsuit for breach of contract, id. ¶ 1.

20         In Defendant's answer it denies the allegations in

21  Plaintiff's complaint and asserts thirty-two affirmative

22  defenses.  Plaintiff seeks to strike Defendant's twelfth, twenty-

23  sixth, and twenty-seventh affirmative defenses: (12) Negligence

24  and Breach of Contract, (26) Comparative Indemnity, and

25  (27) Fraud.

26                        II.   OPINION

27      A.   Legal Standard

28      A Motion to Strike is brought under Federal Rule of Civil

2

1   Procedure ("Rule") 12(f), which provides in pertinent part:  "The

2   court may strike from a pleading an insufficient defense or any

3   redundant, immaterial, impertinent or scandalous matter."  Fed.

4   R. Civ. P. 12(f).  "A defense which demonstrates that plaintiff

5   has not met its burden of proof is not an affirmative defense."

6   Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir.

7   2002).  "On the other hand, '[a]n affirmative defense, under the

8   meaning of [Rule] 8(c), is a defense that does not negate the

9   elements of the plaintiff's claim, but instead precludes

10  liability even if all of the elements of the plaintiff's claims

11  are proven.'"  Barnes v. AT & T Pension Benefit Plan—Nonbargained

12  Program, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (first

13  alteration in original) (quoting Roberge v. Hannah Marine Corp.,

14  No. 96-1691, 1997 WL 468330, at *3 (6th Cir. 1997)).  "While

15  courts rarely grant Rule 12(f) motions to strike affirmative

16  defenses, if an affirmative defense is a negative defense and

17  should instead be included as a denial in the answer, the motion

18  to strike will be granted."  Lexington Ins. Co v. Energetic Lath

19  & Plaster, Inc., No. 2:15-CV-00861-KJM, 2015 WL 5436784, at *11-

20  12 (E.D. Cal. Sept. 15, 2015) (citing Barnes, 718 F. Supp. 2d at

21  1173).

22       B.   Evidentiary Objections

23       Defendant objects (Doc. #18) to Plaintiff's Exhibit A

24  attached to the Declaration of Lauren M. Gibbs (Plaintiff's

25  attorney of record) in support of the Motion to Strike (Doc. #13-

26  1).  Exhibit A contains three pages of the seventeen page 2004

27  Master Broker Agreement between AmTrust bank and Defendant.

28       Defendant contends that "[t]he complete document has not

3

1    been disclosed to Defendant by Plaintiff[, and] Plaintiff should

2    not be allowed to select favorable portions of the alleged

3    agreement . . . while disregarding the rest . . . ." Def.'s

4    Objection to Pl.'s Ex. A 1:25-28.  Defendant cites Federal Rule

5    of Evidence 106 as the basis for its objection.

6         The advisory committee's note to Federal Rule of Evidence

7    106 states: "The rule is based on two considerations[—t]he first

8    is the misleading impression created by taking matters out of

9    context[; t]he second is the inadequacy of repair work when

10   delayed to a point later in the trial." Fed. R. Evid. 106

11   advisory committee's note.  Exhibit A is only relevant to this

12   Court's analysis for the choice-of-law provision it contains.

13   Further, Plaintiff also introduces Exhibit B—the 2007 Master

14   Broker Agreement between AmTrust bank and Defendant—which

15   contains an identical choice-of-law provision (Doc. #13-2).

16   Defendant does not object to this Exhibit and Defendant does not

17   contest Plaintiff's choice-of-law argument.  Accordingly, neither

18   of the concerns raised by the advisory committee is presented by

19   the selected portions of the 2004 Master Broker Agreement in

20   Plaintiff's Exhibit A, and Defendant's objection is overruled.

21        C.   Analysis

22             1.   Choice-of-law

23        Plaintiff contends that the agreements at issue in this

24   action contain a choice-of-law provision electing Ohio law, and

25   that because of this provision this Court should apply Ohio

26   contract law.  Mot. to Strike 6:3-4, 6 n.2.  Defendant does not

27   oppose this argument.

28        Jurisdiction in this case is based on federal question,

4

therefore, federal common law applies to the choice-of-law rule determination.  See Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (stating where jurisdiction is not based on diversity of citizenship, federal common law choice-of-law rules apply); see also Daugherty v. Experian Info. Solutions, Inc., 847 F. Supp. 2d 1189, 1194 (N.D. Cal. 2012) (same).  "Federal common law follows the approach outlined in the Restatement (Second) of Conflict of Laws."  Huynh, 465 F.3d at 997.

Under the Restatement, the parties' choice-of-law "to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue."  Restatement (Second) of Conflicts of Laws § 187(1) (1988).  Courts should honor the parties' choice unless "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice" or "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue" and that state would be the state of the applicable law in the absence of an effective choice-of-law by the parties.  Id. at § 187(2).

Here AmTrust was headquartered in Ohio, thus Ohio bears a substantial relationship to the parties.  Application of Ohio contract law is not contrary to any fundamental California policy.  The Court therefore defers to the parties' choice-of-law provision and applies Ohio contract law in analyzing this motion.

2.   <u>Comparative Negligence and Contributory Indemnity</u>
<u>(Twelfth and Twenty-Sixth Affirmative Defenses)</u>

Defendant alleges in its twelfth affirmative defense that
"Plaintiff is barred from recovery herein by reason of its
negligence at or about the time and place of the alleged
transaction and failure to satisfy its contractual obligation to
underwrite the loans."  Answer 12:18-21.  Defendant alleges in
its twenty-sixth affirmative defense that "Plaintiff is barred
from recovery on the alleged contract, because the equities of
this case entitle this Defendant to comparative and/or implied
indemnity from Plaintiff."  <u>Id.</u> at 16:8-14.

Plaintiff argues these defenses must be stricken because
"[i]t is black letter law in Ohio that the related defenses of
comparative fault and contributory negligence are not valid
defenses to a claim for breach of contract."  Mot. to Strike 6:6-
7.

Defendant counters that "[w]hile there is authority for the
contention that *generally* negligence is not a defense to a breach
of contract claim, the rule does not bar a plaintiff's negligence
from remaining relevant to a breach of contract action . . . ."
Opp'n at 12:7-10.  Defendant provides examples of courts
considering negligence in determining whether there has been a
breach of implied contractual duties and whether causation is
satisfied.  <u>See id.</u> 12:22-13:10 (citing <u>Ohio Oil Gathering Corp.</u>
<u>III v. Welding, Inc.</u>, No. 2:09-cv-782, 2010 WL 5135999 (S.D. Ohio
Dec. 9, 2010); <u>Becker v. BancOhio Nat'l Bank</u>, 17 Ohio St. 3d 158
(1985); <u>Bailey PVS Oxide (Delta) LLC v. Plas-Tanks, Inc.</u>, No.

6

1   3:02CV7363, 2005 WL 1377874, at *1 (N.D. Ohio June 6, 2005)).

2        Ohio case law prescribes that "it is well settled that

3   comparative negligence, contributory negligence, or assumption of

4   the risk are not defenses in contract." Chase Bank of Ohio v.

5   Nealco Leasing, Inc., 92 Ohio App. 3d 555, 569 (1993) (citing

6   Becker, 17 Ohio St.3d 158); see also Ohio Oil Gathering Corp.

7   III, 2010 WL 5135999, at *3 (precluding defendants from arguing

8   that comparative fault is a defense to a contract claim);

9   Bedillion v. Tri-Cty. Inc. Agency, No. 15722, 1993 WL 27381, at

10  *3 (Ohio Ct. App. Feb. 3, 1993) ("Comparative negligence is not a

11  defense in a contract action.").

12        Applying these cases to the instant case, the Court finds

13  that Defendant's twelfth and twenty-sixth asserted defenses are

14  improper affirmative defenses under Ohio contract law.  Defendant

15  is not precluded from arguing Plaintiff's own negligence

16  undermines the elements of Plaintiff's claims, however, any such

17  defense is a negative defense and is properly stricken under Rule

18  12(f).  See Lexington Ins. Co, 2015 WL 5436784, at *11-12 (citing

19  Barnes, 718 F. Supp. 2d at 1173). Plaintiff's motion to strike

20  Defendant's twelfth and twenty-sixth defenses as improper

21  affirmative defenses is GRANTED WITH PREJUDICE.

22              3.   Fraud (Twenty-Seventh Affirmative Defense)

23        Defendant alleges in its twenty-seventh affirmative defense

24  that "the Complaint, and each cause of action therein, is barred

25  due to the fraudulent representations made by AmTrust instructing

26  and directing First Priority Financial not to verify any income

27  representations made by a borrower, while representing that

28  AmTrust would be performing the underwriting of a loan."  Answer

7

1  16:17-22.

2      Plaintiff contends that Defendant's twenty-seventh

3  affirmative defense should be stricken for failure to meet the

4  heightened pleading requirements of Rule 9(b).  Defendant

5  counters that it has met Rule 9(b)'s requirements.  Defendant

6  also contends that "the knowledge of specific persons that made

7  the representations and sent/posted the instructions . . . are in

8  possession of AmTrust."  Opp'n 9:19-22.

9      Rule 9(b) prescribes: "in all averments of fraud or mistake,

10  the circumstances constituting fraud or mistake shall be stated

11  with particularity."  Fed. R. Civ. P. 9(b).  Rule 9(b)'s

12  particularity requirement applies to affirmative defenses.  ADP

13  Commercial Leasing, Inc. v. M.G. Santos, Inc., No. CV F 13-0587

14  LJO SKO, 2013 WL 3863897, at *9 (E.D. Cal. July 24, 2013) (citing

15  Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200,

16  1210-11 (S.D. Cal. 2007)).  "[Rule] 9(b) requires more

17  specificity including an account of the 'time, place, and

18  specific content of the false representations as well as the

19  identities of the parties to the misrepresentations.'"  Swartz v.

20  KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v.

21  Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (citation

22  omitted)); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124

23  (9th Cir. 2009) (citations omitted) ("Averments of fraud must be

24  accompanied by the who, what, when, where, and how of the

25  misconduct charged.").

26      An exception to the particularity standard exists.  The

27  Ninth Circuit "has held that the general rule that allegations of

28  fraud based on information and belief do not satisfy Rule 9(b)

8

1   may be relaxed with respect to matters within the opposing

2   party's knowledge[; i]n such situations, [a party] cannot be

3   expected to have personal knowledge of the relevant facts."

4   Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).  However,

5   evidence of AmTrust's alleged fraudulent behavior has not been

6   shown to be peculiarly within the possession of Plaintiff and

7   thus the exception to Rule 9(b)'s heightened pleading standard

8   does not apply.

9       While Defendant provides factual support for its fraud

10  affirmative defense in its opposition, see Opp'n 9:13-22,

11  "Defendant's allegations in [its o]pposition do not serve to cure

12  the deficiency in [its a]nswer."  See Shellabarger v. Dicharry,

13  No. 2:13-CV-00188-TLN, 2014 WL 5797194, at *3 (E.D. Cal. Nov. 6,

14  2014).  "Defendant must give Plaintiff[] fair notice of [its]

15  affirmative defenses in [its a]nswer-not in an [o]pposition to

16  Plaintiff['s] [m]otion filed at some later date."  See id.; see

17  also Fed. R. Civ. Proc. 8(c)(1) (requiring that a party state its

18  affirmative defenses in a "responsive pleading"); Fed. R. Civ.

19  Proc. 7(a) (defining the following documents as "pleadings":

20  "(1) a complaint; (2) answer to a complaint; (3) answer to a

21  counterclaim designated as a counterclaim; (4) answer to a

22  crossclaim; (5) third-party complaint; (6) answer to a third-

23  party complaint; and (7) if ordered by the court, a reply to an

24  answer."); Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir.

25  2005) (explaining that "anything" not listed as a pleading under

26  Rule 7(a) is a "motion or paper").

27      As pled, Defendant's fraud defense fails to allege the "who,

28  where, and when" of the fraud.  See Kearns, 567 F.3d at 1124.

1  Accordingly, the Court GRANTS Plaintiff's motion to strike

2  Defendant's twenty-seventh affirmative defense but Defendant is

3  given to leave amend this defense.  See Wyshak v. City Nat'l

4  Bank, 607 F.2d 824, 826 (9th Cir. 1979) ("In the absence of

5  prejudice to the opposing party, leave to amend should be freely

6  given.").

7                          III.   ORDER

8       For the reasons set forth above, it is hereby ordered that

9  Plaintiff's Motion to Strike is GRANTED as follows:

10      1. Plaintiff's Motion to Strike Defendant's twelfth and

11 twenty-sixth affirmative defenses is GRANTED WITH PREJUDICE.

12      2. Plaintiff's Motion to Strike Defendant's twenty-seventh

13 affirmative defense is GRANTED WITH LEAVE TO AMEND.

14      Defendant shall file any amended answer within twenty days

15 of this Order.

16      As a final matter, Defendant's opposition is one page longer

17 than the page limit allowed by this Court's standing order.  See

18 Order re Filing Requirements (Doc. #3-2) at p. 1.  In accordance

19 with that order, Defendant's counsel, Patton & Sullivan LLP, is

20 sanctioned in the amount of $50.00.  Id. ("A violation of this

21 Order will result in monetary sanctions being imposed against

22 counsel in the amount of $50.00 per page. . . .")  Counsel is to

23 pay this amount within five days of the date of this Order.

24      IT IS SO ORDERED.

25 Dated: June 16, 2016

26

27                                           JOHN A. MENDEZ,
                                             UNITED STATES DISTRICT JUDGE

28